## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC.; NATIONAL TOBACCO COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> WALTER C. SCOTT, et al. <br><br> Defendants. | Case No. 16-12076 <br> HON. TERRENCE G. BERG |

## **ORDER GRANTING PRELIMINARY INJUNCTION**

On June 9, 2016, Plaintiffs North Atlantic Operating Company, Inc., and National Tobacco Company, L.P. ("Plaintiffs") filed a Complaint alleging that Defendants are engaged in manufacturing, distributing, or selling counterfeit ZIG-ZAG® cigarette paper products. (*See* Dkt. 1 at ¶¶ 1-5, 15-121, 163-189.) In addition to their Complaint, Plaintiffs filed an *Ex Parte* Motion for A Temporary Restraining Order ("TRO"), Preliminary Injunction, and Other Relief. (Dkt. 3.) The Court held an *ex parte* hearing on June 29, 2016 in the matter of the TRO (Dkt. 12.), and on July 1, 2016 granted a TRO, asset restraining order[1], expedited discovery order, and order permitting service by alternative means. (Dkt. 23.)[2]

---

[1] With respect to the restraint on certain assets, the Order provides that Defendants can, upon three business days' written notice to the Court and Plaintiffs' counsel, and upon proper showing, appear and move for the dissolution or modification of that provision. (Dkt. 23, p. 24.)

[2] This Court detailed the facts and procedural circumstances of this case in its July 1, 2016 order. (Dkt. 23). Moreover, with respect to the application of the four factors used by the Sixth Circuit to determine whether injunctive relief is appropriate, the Court incorporates by reference its analysis and findings in its July 1, 2016 order granting Plaintiffs a TRO. At the June 29, 2016 hearing and in their filings, Plaintiffs have presented substantial evidence in support of injunctive relief. This

Further, on July 1, 2016, the Court also issued an Order directing all Defendants to show cause in person on July 15, 2016, at the United States District Court in the Eastern District of Michigan (Detroit), "why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be issued" against them. (*Id.* at pp. 15-16.) Defendants were notified that "failure to attend the show cause hearing scheduled [in the order] shall result in the issuance of a preliminary injunction." (*Id.* at pp. 25-26.) Defendants were served on July 7, 2016 via e-mail, secure electronic private messaging service, and overnight delivery. (Dkt. 28.)

Subsequent to the Court's July 1 Order granting the TRO and additional relief, Plaintiffs filed an unopposed motion to extend the TRO, and continue specific deadlines identified in the July 1 Order. (Dkt. 30.) The Court granted Plaintiffs' unopposed motion and adjourned the show cause hearing and other deadlines. The Show Cause Hearing was re-scheduled for Friday, July 29, 2016. (Dkt. 31.)

The hearing for preliminary injunction was held as scheduled on July 29, 2016, at 10:00 a.m. in Courtroom 861 of the United States District Court for the Eastern District of Michigan in Detroit, Michigan. At the hearing, Plaintiffs' counsel presented a report to the Court summarizing the efforts made to serve each of the Defendants, as well as all communications between Plaintiffs and Defendants since the TRO was entered. The Court conducted a detailed review of

---

preliminary injunction relies on that same evidence, which has not been controverted. In addition, at the hearing on July 29, 2016, the Court heard additional testimony in support of the motion. Although injunctive relief is an extraordinary remedy, there is a sufficient basis for granting it in this case and Defendants have offered no evidence that would indicate otherwise.

this report on the record, questioning Plaintiffs' counsel as to the circumstances pertaining to each named Defendant. The Court is satisfied that Plaintiffs' Counsel has made good faith efforts to serve and to communicate with each of the Defendants; that a number of the Defendants are engaged in settlement discussions or have otherwise responded to Plaintiffs' notifications concerning this lawsuit; and that Plaintiffs' counsel is pursuing a process which adequately respects the due process rights of the Defendants.

Prior to the hearing, Defendants Michelle Abualkhair, The Crown, eBay Seller yacoubj; Martin Hudleton, a/k/a/ Marty Hudleston, Rolling Paper Regals, Mile High Merchants, eBay Seller hudlemart; and Amazon Seller ChopShopDeals a/k/a Quoc "Mike" P. Nguyen all agreed to have separate stipulations entered against them, agreeing to be bound to preliminary injunctions. (Dkts. 38, 39 and 44.) Thus, these Defendants were not required to appear in person at the hearing, and this preliminary injunction order does apply to them, since they stipulated to a different form of injunctive order.

None of the following Defendants or their representatives appeared, however, or otherwise filed a response to Plaintiffs' Motion: Walter C. Scott; eBay Seller respect843, Nir Biswa, eBay Seller zigzag_wholsale, Mohammad Akbar; eBay Seller atlantic_market, eBay Seller smwholesale360, Barry Williams, eBay Seller reflectbleu, Delroy Johnson, eBay Seller Lenkoseller, Burtin Parker, River City Depot, eBay Seller cheepstuff65, James Cleary, eBay Seller iluvmoney1232012, Linet Davoodimasihi, a/k/a Linet Davoodi Masihi, eBay Seller

Seranosh, Nicless Cigarette Filters, eBay Seller usbigdiscountwarehouse, Harold L. Thompson, HFOCO Network Services, eBay Seller publisherpete, Noah Canan a/k/a Noha Hasan; Aka Imports, eBay Seller Glassnmore15, Azizeh Hasan, eBay Seller azoz2016H, Mike Kanan, eBay Seller elksmokes, Elkhart Smoke Shop, M.R.A. Group Ltd., eBay Seller Maor_Amar, Amazon Seller Orksel Inc., Amazon Seller kennsykorner, Amazon Seller TooHotGlass, Jose Adrian, Amazon Seller Express deals corp., Fast World Closeout, Amazon Seller RazoDazzle, Ahsan Khowja, Bonanza Seller akwholesaler, Bonanza Seller lenkoseller and Rakuten Seller Granpawenterprise (collectively, the "Remaining Defendants")

The Court having found that there is (i) a likelihood that Plaintiffs have been harmed and further irreparable harm will occur to Plaintiffs absence a preliminary injunction, (ii) there is a substantial likelihood that Plaintiffs will succeed on the merits of their case, (iii) the equities weigh in favor of the entry of a preliminary injunction in Plaintiffs' favor, and (iv) there is a strong public interest weighing in favor of the preliminary injunction. With respect to these Remaining Defendants, having read and considered the papers and arguments of counsel, and good cause appearing,

**IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, the Remaining Defendants, their respective agents, servants, employees, and officers, and all other persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are

hereby enjoined and restrained, pending the final resolution of this action, from directly or indirectly, anywhere in the world:

1. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, or otherwise disposing of, in any manner, any counterfeit or infringing ZIG-ZAG® brand cigarette paper products, including, but not limited to, ZIG-ZAG® 1¼ Size French Orange ("ZIG-ZAG® Orange"), or any cigarette paper products bearing:

(i) infringing or counterfeit versions of the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, and/or the ZIG-ZAG® Orange Trade Dress (as these terms are defined in North Atlantic's Complaint in the above-captioned action), which appear alone or in combination on all cartons and booklets of ZIG-ZAG® Orange cigarette paper products distributed by North Atlantic in the United States; and/or

(ii) the false statement that such products are "Distributed by North Atlantic Operating Company, Inc." or otherwise under the control or supervision of North Atlantic, when they are not;

2. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, passing off, or otherwise disposing of, in any manner, any purported North Atlantic products that are not actually produced, imported, or distributed under the control or supervision of North Atlantic and/or approved for sale in the United States by North Atlantic, in

5

connection with the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, and/or the ZIG-ZAG® Orange Trade Dress, or inducing or enabling others to commit any of the aforesaid actions;

3. Committing any acts calculated to cause purchasers to believe that counterfeit or infringing ZIG-ZAG® cigarette paper products, including ZIG-ZAG® Orange, originate with North Atlantic, when they do not;

4. In any way infringing or damaging the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

5. Otherwise unfairly competing with North Atlantic in any way;

6. Attempting, causing, or assisting in any of the above-described acts, including, but not limited to, enabling others in the above-described acts, or passing on information to others to allow them to do so;

7. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the import, manufacture, distribution, advertisement, promotion, making, purchase, offer to sell, or sale of any product that has been or is intended to be sold in packaging containing the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

8. Forming or causing to be formed any corporation or other entity that engages in any of the above-described acts;

9. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning any eBay.com account, Amazon.com account,

Bonanza.com account, Rakuten.com account, or any other online marketplace account, that is used to offer, sell, or distribute, or is the means by which Remaining Defendants could continue to offer, sell, and distribute, any counterfeit or infringing ZIG-ZAG® products, including but not limited to ZIG-ZAG® Orange;

10. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning a PayPal account or other online payment processing account linked to Defendants' above-referenced online marketplace accounts through which Defendants are or have been offering, selling, and distributing counterfeit or infringing ZIG-ZAG® products, including but not limited to ZIG-ZAG® Orange; and

11. Accessing, transferring, or disposing of any assets obtained as proceeds of such Defendant's counterfeiting activities.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2016

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 3, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager